# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): SHEILA FLANNERY | | COUNTY: Middlesex |
| ADDRESS: 15 CREST RD FRAMINGHAM RD 01702 | | |
| | DEFENDANT(S): | TRANSAMERICA CORPORATION |
| ATTORNEY: AUDREY BOTROS | | |
| ADDRESS: 21 WALSH ST FRAMINGHAM, MA 01701 | ADDRESS: | 155 FEDERAL ST STE 700 BOSTON MA 02110 |
| BBO: 646733 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | INSURANCE CONTRACT | F | [X] YES [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. **RECEIVED** ............................................. $ _____
  2. Total doctor expenses ............................................................................................. $ _____
  3. Total chiropractic expenses ..................................................................................... $ _____
  4. Total physical therapy expenses ................... 8/10/2021 ......................................... $ _____
  5. Total other expenses (describe below) ...................... JP ................................... $ _____
                                                                                    Subtotal (A): $ _____
B. Documented lost wages and compensation to date .................................................. $ _____
C. Documented property damages to dated ................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................................. $ _____
E. Reasonably anticipated lost wages ........................................................................... $ _____
F. Other documented items of damages (describe below) ............................................ $ _____
PAIN AND SUFFERING

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
PERMANENT DAMAGE AND ONGOING WEAKNESS AND PAIN IN NECK, RIGHT SHOULDER, RIGHT ARM AND RIGHT HAND.

TOTAL (A-F): $ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ 100000

Signature of Attorney/Pro Se Plaintiff: X _____  Date: 8/10/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: _____

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT

SHEILA FLANNERY

V.

TRANSAMERICA CORPORATION

**RECEIVED**
8/10/2021
JP

DOCKET NO.

## VERIFIED COMPLAINT IN EQUITY

### PARTIES

1. Plaintiff, Sheila Flannery, resides at 15 Crest Road Framingham, Massachusetts.

2. Defendant, Transamerica Corporation [Transamerica], has a principal place of business at 4333 Edgewood Rd. NE Cedar Rapids, Iowa 52499.

3. Transamerica has a registered office in the state of Massachusetts located at 155 Federal St. STE 700 Boston, MA 02110.

4. Transamerica has engaged in commerce at all relevant times.

### FACTS

5. The Petitioner realleges 1-4 of the complaint.

6. The Plaintiff, Sheila Flannery, has a life insurance policy # PB100J4467 with Transamerica which was issued on June 22, 1991.

7. Ms. Flannery continually made payments towards the life insurance policy.

8. On November 22, 2019, Ms. Flannery received three letters with contradicting statements and a refund of $303.03. This letter is dated November 22, 2019, but states that the Insured must respond by October 22, 2019 to avoid the policy lapsing.

9. This notice was sent a month after the deadline. The Insured had also sent automatic payments in December which were accepted by the insurance company.

10. On December 5, 2019, Mr. Saher Macarius spoke to a Transamerica representative who agreed that the insured should sign the Letter of Reinstatement of the Policy without sending any payment, despite the contradicting statements in the letter demanding $303.03.

11. On January 15, 2020, Ms. Flannery sent a letter, through counsel, pursuant to M.G.L. 176(D) and M.G.L and a signed document requesting the reinstatement notwithstanding the objection against the improper termination of the policy without waiving any right that the insured may be entitled to under M.G.L. 176(D) and M.G.L 93A.

12. On January 30, 2020, Transamerica responded to said letter directly to Ms. Flannery, but failed to acknowledge the documents provided to reinstate the policy.

13. On February 12, 2020, Ms. Flannery sent another letter, through counsel, with all requested documents in order to reinstate the policy stating, "In order to move forward in this matter, the Insured is now sending all the requested documents for reinstatement under objection against the improper termination of the policy without waiving any right that the insured may be entitled to under M.G.L. 176(D) and M.G.L 93A."

14. On June 11, 2020, Ms. Flannery received a letter at her residence that Transamerica did not receive any documents to reinstate the policy and it remains in lapsed status.

### COUNT I- Breach of Contract

15. Plaintiff realleges counts 1-14 of the complaint.

16. On June 22, 1991, Sheila Flannery, signed a contract with Transamerica for life insurance, policy # PB100J4467.

17. Transamerica issued said policy and received continuous payments of insurance premiums for said policy of $1212 per year from June 1991 to January 2020.

18. On November 22, 2019, Transamerica, without prior notice, notified Ms. Flannery that her policy lapsed.

19. Ms. Flannery sent multiple requests and documents to show that there was no breach of the policy and to reinstate the policy.

20. On June 11, 2020, Transamerica falsely claimed that the company did not receive documents.

21. Transamerica has breached its contract and the Plaintiff has suffered damages in amount to be determined by the court.

### COUNT II- Injunctive Relief

22. Petitioner realleges counts 1-21 of the complaint.

23. Plaintiff has entered into a contract for life insurance with the Defendant.

24. There is immediate and irreparable injury, loss or damage will result to the Plaintiff.

25. Petitioner is entitled to immediate Injunctive Relief.

26. Wherefore, the Petitioner moves this Honorable Court to issue an Injunction to reinstate Plaintiff's policy.

### COUNT III- Violation of MGL c. 93A and to M.G.L. 176(D)

27. Plaintiff realleges counts 1-26 of the complaint.

28. Plaintiff, through counsel, sent a certified letter to Transamerica listing violations of MGL c. 93A and to M.G.L. 176(D).

29. Transamerica engaged in unfair and deceptive practices by unilaterally ending the Plaintiff's life insurance policy and falsely claiming that the Plaintiff was notified.

30. Plaintiff sent multiple correspondences to the Defendant which were outright ignored.

31. Defendants blatantly and outrightly ignored the attorney of record in each correspondence.

32. Defendant falsely claimed that they did not receive correspondence and deemed the policy lapsed.

33. Under MGL 176D(3)(f) Transamerica made "misrepresentations for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion, or surrender of any insurance policy" in violation of the statute.

34. Plaintiff has been damaged in an amount to be determined by court and is seeking treble damages, attorney fees and costs.

## PRAYER FOR RELIEF

A. Petitioner demands a jury trial on all applicable counts.
B. Find in favor of the Petitioner on all counts.
C. Issue an Injunction to reinstate said policy.
D. Grant Plaintiff attorney's fees, cost and treble damages for violation of MGLc. 93A and 176D.
E. Grant such other relief as the Court may deem just and proper.

_____

Audrey Botros, Esq.
Law Office of Saher Macarius LLC
21 Walsh St.
Framingham, MA 01701
508-879-4443
508-879-5444
BBO#646733

August 10, 2021

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT

**RECEIVED**
8/10/2021
JP

SHEILA FLANNERY

V.

TRANSAMERICA CORPORATION          DOCKET NO.

## VERIFIED AFFIDAVIT

I, Sheila Flannery, swear under the pains and penalties of perjury that the following is true:

1. I, Sheila Flannery, reside at 15 Crest Road Framingham, Massachusetts.

2. I had a contract with Transamerica Corporation for life insurance, policy # PB100J4467 which was issued on June 22, 1991.

3. I continually made payments towards the life insurance policy in the amount of $1212 per year.

4. On November 22, 2019, I received three letters with contradicting statements and a refund of $303.03. This letter is dated November 22, 2019, but states that the Insured must respond by October 22, 2019 to avoid the policy lapsing.

5. This notice was sent a month after the deadline. I had also sent automatic payments in December which were accepted by the insurance company.

6. On December 5, 2019, my attorney, Mr. Saher Macarius spoke to a Transamerica representative who agreed that the insured should sign the Letter of Reinstatement of the Policy without sending any payment, despite the contradicting statements in the letter demanding $303.03.

7. I sent a letter requesting reinstatement in December 2019.

8. On January 15, 2020, my attorney, sent another certified letter pursuant to M.G.L. 176(D) and M.G.L and a signed document requesting the reinstatement notwithstanding my objection against the improper termination of the policy without waiving any right that the insured may be entitled to under M.G.L. 176(D) and M.G.L 93A.

9. On January 30, 2020, Transamerica responded to said letter directly to my home, but failed to acknowledge the documents provided to reinstate the policy.

10. On February 12, 2020, I sent another letter, through counsel, with all requested documents in order to reinstate the policy stating, "In order to move forward in this matter, the Insured is now sending all the requested documents for reinstatement under objection against the improper termination of the policy without waiving any right that the insured may be entitled to under M.G.L. 176(D) and M.G.L 93A."

11. On June 11, 2020, I received a letter once again at my residence that Transamerica did not receive any documents to reinstate the policy and it remains in lapsed status.

This __14__ day of July 2021

_____
Sheila Flannery

Commonwealth of Massachusetts

County of Middlesex

On this __14th__ day of __July__, 20 _21_, before me, the undersigned notary public, personally appeared __Sheila Flannery__ (name of document signer), proved to me through satisfactory evidence of identification, which were __known to me__, to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of (his) (her) knowledge and belief.

_____

SAHER J. MACARIUS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 29, 2022

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2181CV01755 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Flannery, Sheila vs. Transamerica Corporation | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: File Copy | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 11/08/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 12/08/2021 |  |
| All motions under MRCP 12, 19, and 20 | 12/08/2021 | 01/07/2022 | 02/07/2022 |
| All motions under MRCP 15 | 12/08/2021 | 01/07/2022 | 02/07/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 06/06/2022 |  |  |
| All motions under MRCP 56 | 07/06/2022 | 08/05/2022 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 12/05/2022 |
| Case shall be resolved and judgment shall issue by |  |  | 08/10/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 08/11/2021 | ASSISTANT CLERK Martha Fulham | PHONE (781)939-2760 |
|---|---|---|

Date/Time Printed: 08-11-2021 13:58:27                                                    SCV026\ 08/2018